■ ANTHONY V. PASSARETTI, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50532.) — Cross appeals from a judgment in favor of claimant entered November 24, 1970, upon a decision of the Court of Claims. Claimant's property, located in the City of Albany, was partially appropriated for the Lark-Dove Arterial Highway. The property, consisting of 36,750 square feet, was triangular in shape and had frontage on both Van Rensselaer Boulevard and Loudonville Road. It was improved by a one-story structure. Claimant, a urologist on the staff of Memorial Hospital, which is located about 1,200 feet from the subject property, purchased the property six years prior to the appropriation, and converted the structure into his office. The land was zoned residential, which permitted a residence to be used also as an office, and claimant had never sought or received a permit authorizing its use solely as an office. However, the Court of Claims found that "the subject property enjoyed an enhanced value over and above its residential use and there_was a reasonable probability of obtaining a change in zoning to permit such commercial use". The Court of Claims found a fair and reasonable market value of the subject premises as a residential site to be $10,000 and allowed a 100% increment for the enhanced value due to the reasonable probability of obtaining a zoning change which would permit a commercial use. The court further found the value of the building and land improvements to be $27,500. The total fair and reasonable market value prior to the appropriation was therefore found to be $47,500. The remainder of the property, which consisted of 21,460 square feet, was found to have a fair and reasonable market value of $6,438. The court also determined that claimant should be allowed $1,600 as damages for the temporary easement taken over 7,754 square feet of the remainder. The claimant was therefore awarded the sum of $42,662 for all damages, together with interest. The State contends, on its appeal: (1) that it was error to separately value the land and the structure; (2) that the evidence does not support the finding that there was a reasonable probability of a change of zoning of the property; and (3) that since the Court of Claims awarded a 100% increment to the value of the land based on the finding of probable commercial use, it should not have awarded full value for the residential structure. Claimant, in its cross appeal, contends that the award was inadequate and inconsistent with the overwhelming weight of the evidence. All of the contentions have been examined and are found to be without merit. The court, basing its determination as to both upon market value, properly valued the land and the building separately because of the circumstances presented by the instant property (cf. *Kingston Urban Renewal Agency* v. *Strand Props.*, 33 A D 2d 594; *Guthmuller* v. *State of New York*, 23 A D 2d 597). Second, a review of the entire record justifies the conclusion reached by the Court of Claims that there is a reasonable probability of a zoning change (see *Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796; see, also, *Harris* v. *State of New York*, 35 A D 2d 1020, affd. 28 N Y 2d 820). Further, the increment was based only on a reasonable probability of rezoning; the land was not valued as if it were already rezoned. The existence of the building was consistent with the highest and best use found for the property, that of a medical office, and was properly valued by the trial court in the computation of the total fair market value of the subject property. While there is no doubt that in some cases buildings may not add to the value of the land, the character of this building is well adapted to both its residential and potential commercial use as a medical office (cf. *Acme Theatres* v. *State of New York*, 26 N Y 2d 385; *Spano* v. *State of New York*, 22 A D 2d 757). We have examined the contentions raised by claimant in his cross appeal and find

them also to be without merit. Judgment affirmed, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.